## U.S. DISTRICT COURT

## SOUTHERN DISTRICT OF OHIO (CINCINNATI)

ANTOINETTE CLARKE

      *Plaintiff,*

Vs.

      Case No. 1:25-cv-00807-MRB

      **JURY TRIAL DEMANDED**

      Judge Michael R. Barrett

EQUIFAX  INFORMATION SERVICES LLC

      *Defendant*.,

## PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff, by counsel Joshua Evans, Esq., respectfully moves for leave to file the attached First Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

## I. INTRODUCTION

Plaintiff seeks amendment to clarify and supplement the factual allegations supporting her claim under 15 U.S.C. § 1681g(a)(1). The proposed First Amended Complaint is attached as Exhibit A and incorporated herein.

Plaintiff has not previously amended the Complaint. There has been no undue delay, bad faith, or dilatory motive. Defendant will not be prejudiced by the amendment, as this case remains in its early stages.

Counsel for Plaintiff contacted counsel for Defendant to determine whether the requested amendment would be opposed. Defendant has not responded to that request and has not indicated any opposition as of the filing of this Motion.

Plaintiff further respectfully notifies the Court that Exhibit A to Plaintiff's prior Motion for Leave (Docket No. 8) contained an inadvertent clerical error. Specifically, the Exhibit did not include a Prayer for Relief section and, in addition, a separate client's motion and/or pleading was inadvertently attached to the docket in connection with that filing. These errors were clerical in nature and not substantive.

The proposed First Amended Complaint attached to the present Motion corrects those errors and reflects the proper pleading for this Plaintiff, including a complete Prayer for Relief.

## II. LEGAL STANDARD

Rule 15(a)(2) provides that leave should be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave should be granted absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility).

## III. GOOD CAUSE EXISTS FOR LEAVE TO AMEND

Plaintiff seeks leave to amend to provide additional factual detail and clarification of the claims asserted. The proposed amendments do not alter the nature of the action but instead refine and support the existing claim.

There has been no undue delay in seeking amendment, and Plaintiff acted diligently upon identifying the need to supplement the allegations. Defendant will not

suffer any prejudice, as discovery is ongoing and no dispositive motions have been decided. Allowing amendment will promote resolution of this case on the merits rather than on the pleadings.

## IV. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court grant leave to file the First Amended Complaint attached as Exhibit A.

Respectfully submitted,

/s/ Joshua Evans

Joshua Evans, Esq. (Bar No. 98007)

Attorney for Antoinette Clarke

791 E. McMillan Street, Suite 235

Cincinnati, Ohio 45206

Email: AttorneyjoshE@gmail.com

Phone: (513) -405-4562

## CERTIFICATE OF SERVICE

I hereby certify that on the date of filing, a true and correct copy of the foregoing Motion for Leave to File First Amended Complaint, along with Exhibit A, was filed with the Clerk of Court using the CM/ECF system, which will automatically serve notice on all counsel of record.

Dated: April 28th, 2026

Respectfully submitted,

/s/ Joshua Evans

Joshua Evans, Esq. (Bar No. 98007)

Attorney for Plaintiff Antoinette Clarke

791 E. McMillan Street, Suite 235

Cincinnati, Ohio 45206

Email: AttorneyjoshE@gmail.com

Phone: (513) -405-4562

# EXHIBIT A

**U.S. DISTRICT COURT**

**SOUTHERN DISTRICT OF OHIO (CINCINNATI)**

ANTOINETTE CLARKE

       *Plaintiff,*                             Case No. 1:25-cv-00807-MRB

                                         **JURY TRIAL DEMANDED**

Vs.

                                         Judge Michael R. Barrett

EQUIFAX  INFORMATION SERVICES LLC

       *Defendant*.,

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff, Antoinette Clarke, by and through counsel Joshua Evans, Esq., and for his Complaint against Defendant Equifax Information Services LLC states as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action for damages not to exceed, exclusive of costs, interest, and attorney's fees, brought by Plaintiff Antoinette Clarke, through undersigned counsel, against Defendant Equifax Information Services LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

2.      This case arises from Defendant's failure to clearly and accurately disclose all information contained in Plaintiff's consumer file, its failure to follow reasonable procedures to assure maximum possible accuracy, and its failure to conduct a reasonable reinvestigation.

## JURISDICTION AND VENUE

3.      Jurisdiction arises under 15 U.S.C. § 1681p

4.      Defendant is subject to the provisions of the Fair Credit Reporting Act.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District and a substantial part of the events giving rise to the claims occurred here.

## PARTIES

6.      Plaintiff is a natural person residing in Hamilton County, Ohio.

7.      Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c).

8.      Defendant is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

9.      At all relevant times, any reference to "Defendant" includes its agents, employees, representatives, subsidiaries, affiliates, and all persons acting on its behalf.

## FACTS

10.     On or about July 21, 2025, Ms. Clarke requested a copy of her consumer credit disclosure from Equifax through the centralized source, AnnualCreditReport.com.

11.     On that same date, Defendant provided Plaintiff with a PDF copy of Plaintiff's consumer file disclosure, bearing confirmation number 5202524330.

12. The disclosure was not clear, complete, or accurate, and omitted material information necessary for Plaintiff to understand and verify the information disclosed.

13. As a result, Equifax failed to clearly and accurately disclose all information in Plaintiff's file, in violation of 15 U.S.C. § 1681g(a)(1).

## ACCOUNTS AT ISSUE

14. Any reference to accounts or account items at issue refer to the following accounts which were included in the disclosure dated July 21, 2025 see Exhibit A.

- CNAC IN 101, partial account number 9589.
- GLA Collection Company, partial account number 3890.
- Ability Recovery Services LLC partial account number 43N1.
- The CBE Group Inc., partial account number 2798.

15. Specifically, with respect to the accounts at issue identified above, Defendant failed to clearly and accurately disclose the full account numbers and account identifiers associated with those accounts. Instead, Defendant disclosed only partial account numbers and identifiers, limited to four characters for each account (e.g.,9589"*"), while withholding, truncating, or omitting the remaining digits and characters.

16. Defendant further displayed asterisk marks in place of the undisclosed portions, indicating that additional information existed but was not provided.

17. Upon information and belief, Defendant maintained additional digits and full account identifiers for these accounts but did not disclose them.

18. Upon information and belief, in disclosures and reports issued in or around the 1990s, Defendant provided consumers with more than four digits of account numbers and account identifiers in response to requests for consumer file disclosures and consumer reports.

19. Upon information and belief Defendant was capable of providing more complete account identifiers at the time of Plaintiff's request but chose not to do so.

20. This capability is further demonstrated by the fact that other consumer reporting agencies, including TransUnion and Experian, provide more than four digits of account numbers and account identifiers when consumers request disclosures through the same centralized source, AnnualCreditReport.com.

21. Defendant further failed to clearly and accurately disclose the amount past due, activity designator, and date the delinquency was first reported for the CNAC IN 101 account, partial account number 9589.

22. Defendant further failed to clearly and accurately disclose the last payment date and the date of first delinquency for the Ability Recovery Services LLC account, partial account number 43N1.

23. Defendant further failed to clearly and accurately disclose the last payment date and the date of first delinquency for the GLA Collection Company account, partial account number 3890.

24. Defendant further failed to clearly and accurately disclose the last payment date and the date of first delinquency for The CBE Group, Inc. account, partial account number 2798.

25. Upon information and belief, Defendant possessed and maintained the capability to disclose additional account identifiers and account-level information for the accounts at issue.

26. This capability existed through Defendant's systems, data repositories, and furnishing relationships, including agreements governing the transmission of account-level data such as Metro 2 fields, related data pipelines, and contractual obligations.

27.     Upon information and belief, Defendant also maintained this capability through its subsidiaries and affiliated entities.

28.     Despite this capability, Defendant failed to disclose full account identifiers, including full account numbers or more than four digits.

29.     Defendant further failed to disclose material account level information, including but not limited to the amount past due, activity designator, date the delinquency was first reported, and last payment date.

30.     This capability is demonstrated by Defendant's own prior consumer disclosures and consumer reports furnished to consumers and to third parties, in which such information was included in the past and remains included for other accounts.

31.     Despite this capability, Defendant failed to include this information in Plaintiff's consumer file disclosure for the accounts at issue, including the CNAC IN 101, partial account number 9589, GLA Collection Company, partial account number 3890, Ability Recovery Services LLC partial account number 43N1, The CBE Group Inc., partial account number 2798 at the time of Plaintiff's request.

32.     Upon information and belief, Defendant includes more complete account identifiers and account level information, including more than four digits of account numbers, when it prepares and furnishes consumer reports about Plaintiff to third parties.

33.     Upon information and belief, the furnishers of the accounts at issue provided Defendant with full and complete account numbers, or more than four digits thereof, as well as additional account-level information, including but not limited to the to the amount past due, activity designator, date the delinquency was first reported, and last payment date.

34. Upon further information and belief, Defendant maintained this information within its systems or within its reach, regardless of where the information was stored, at the time of Plaintiff's request for a consumer file disclosure.

35. Despite possessing this information, or having the capability to disclose it, Defendant, through its practices, systems, and procedures, withheld, truncated, suppressed, or omitted such information from Plaintiff's disclosure, even though Plaintiff did not request any truncation or omission.

36. Such procedures were necessary to ensure that Defendant could clearly and accurately disclose all information in a consumer's file upon request and to ensure that the information contained in the consumer reports it prepares and maintains regarding Plaintiff was accurate, complete, and not misleading.

37. Defendant's failure to require and obtain complete information from furnishers placed it in a position where it could not provide a clear and accurate disclosure to Plaintiff.

38. The information Plaintiff alleges was incomplete, truncated, omitted, or not clearly and accurately disclosed is not merely internal or technical data.

39. Rather, it consists of material account level information necessary for consumers to identify the accounts reported, match those accounts to their own records, detect inaccuracies, and meaningfully verify the completeness and accuracy of the information in their files.

40. Without this information, consumers such as Plaintiff are presented with a distorted, incomplete, and unusable picture of their consumer file.

41. This impaired Plaintiff's ability to utilize the dispute and reinvestigation procedures set forth under 15 U.S.C. § 1681i and undermined the core purpose of 15

U.S.C. § 1681g(a)(1), which is to ensure that Plaintiff could review and correct her information before it was disseminated to third parties.

42. As a result, Defendant's failure to provide this information violated Plaintiff's right to a clear and accurate disclosure and deprived Plaintiff of the ability to meaningfully review and verify the contents of her consumer file.

## STATUTORY FRAMEWORK

43. The Fair Credit Reporting Act requires that a consumer reporting agency, upon request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(1).

44. The requirement to disclose all information in a consumer's file is not limited by the manner or location in which the information is stored.

45. A consumer reporting agency must disclose all information it maintains or has access to, even if such information is kept in separate systems or databases, because restricting disclosure based on storage location would defeat the purpose of the Fair Credit Reporting Act.

46. The statute imposes two independent requirements: that disclosures be made clearly and that they be made accurately, so that consumers may fully understand the contents of their files.

47. These requirements allow consumers to compare the disclosed information with their own records, identify inaccuracies, and correct them before the information is disclosed to third parties.

48. This obligation exists regardless of whether the information affects a consumer's creditworthiness, as 15 U.S.C. § 1681g(a)(1) requires disclosure of all information in the consumer's file, not merely information deemed relevant to credit decisions.

49. A disclosure that is unclear, incomplete, or misleading, even if partially accurate, fails to satisfy these requirements and violates the Fair Credit Reporting Act.

50. Webster's Third New International Dictionary (3d ed. 1986) defines "clearly" as in a clear manner, without doubt or confusion, and "accurately" as in an accurate manner.

51. Defendant's disclosure omitted data fields, left fields blank without explanation, and failed to provide sufficient information for Plaintiff to understand or interpret his consumer file.

52. To satisfy its obligation to provide a clear disclosure, Defendant was required to present the information in a manner that allows Plaintiff to understand the contents of his file, including what information is being reported and whether any information is missing or has been omitted.

53. Defendant failed to provide sufficient context or explanation to enable Plaintiff to understand the disclosed information or recognize that material data fields were omitted.

## ACTUAL DAMAGES

54. As a direct and proximate result of Defendant's failure to provide a clear and accurate consumer file disclosure, Plaintiff expended time reviewing the disclosure and attempting to identify the accounts reported using only truncated account identifiers and incomplete data.

55. Because Defendant omitted full account numbers and material account level information, Plaintiff was unable to match the CNAC IN 101 account, partial account number 9589, the GLA Collection Company account, partial account number 3890, the Ability Recovery Services LLC account, partial account number 43N1, and The CBE Group, Inc. account, partial account number 2798, to her personal records, determine whether the accounts were accurate or belonged to her, or verify whether the collection accounts were associated with any underlying account history with the original creditor.

56. Plaintiff undertook multiple reviews of the disclosure and attempted to reconcile the limited information provided with her personal records, in an effort to identify and assess the accounts being reported.

57. These efforts were unsuccessful due to Defendant's omission of key identifying details and material account level information, which deprived Plaintiff of the ability to meaningfully understand the contents of her file and to verify the accuracy of the reported information.

58. Had Defendant provided a clear and accurate disclosure, including full account identifiers and complete account level information, Plaintiff would have been able to match the accounts to her records, determine whether the accounts belonged to her, and assess whether the reported information was accurate or subject to dispute.

59. As a direct result of Defendant's conduct, Plaintiff experienced confusion regarding the identity and status of the accounts, frustration arising from her inability to verify or properly dispute the information, and anger stemming from Defendant's failure to provide the information required under the Fair Credit Reporting Act.

## WILLFULNESS

60. Plaintiff alleges that Equifax's conduct described herein was willful within the meaning of 15 U.S.C. § 1681n. Equifax knew or should have known that 15 U.S.C. § 1681g(a)(1) requires a consumer reporting agency to clearly and accurately disclose all information in a consumer's file upon request.

61. Despite this obligation, Equifax maintained and implemented policies and procedures governing consumer file disclosures that resulted in the omission, truncation, and suppression of material account level information from Plaintiff's disclosure, in disregard of the statute and long-standing regulatory and judicial interpretations of § 1681g.

62. The statutory text of 15 U.S.C. § 1681g(a)(1) expressly requires a consumer reporting agency to disclose all information in the consumer's file at the time of the request, and the definition of "file" in 15 U.S.C. § 1681a(g) extends to all information recorded and retained by the agency regardless of where or how it is stored.

63. Equifax has also been repeatedly sued in federal and state courts for similar conduct, including providing incomplete consumer file disclosures, truncating or masking account numbers, and omitting material account level information such as payment histories.

64. Equifax's practices regarding file disclosures and reinvestigations reflect a systemic disregard for its statutory duties under the FCRA. Equifax's continued use of the same procedures despite this litigation history establishes that it acted knowingly or recklessly rather than negligently.

65. Despite clear statutory mandates, regulatory warnings, and numerous lawsuits challenging these same practices, Equifax continues to operate internal systems that truncate, suppress, and withhold identifying and historical account information in the version of a file made available to consumers.

66. Upon information and belief these systems are designed to simplify Equifax's consumer disclosure process at the expense of accuracy and transparency, depriving consumers of the full and clear file Congress intended them to receive.

67. Upon information and belief, Equifax's corporate management and compliance officers are aware that its file disclosure procedures systematically omit, truncate, or suppress consumer data, yet have chosen to continue using these methods.

68. Equifax's failure to correct known procedural deficiencies, after years of litigation and regulatory scrutiny, demonstrates that its violations were not the result of inadvertence or misunderstanding, but of deliberate policy choices made in reckless disregard of consumer rights.

69.     Under Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), a violation is willful when a defendant acts knowingly or recklessly by adopting an interpretation of the law that is objectively unreasonable.

70.     Equifax's continued use of truncated disclosures, despite repeated and widespread government guidance and notice that such practices violate or risk violating the Fair Credit Reporting Act, reflects a conscious and deliberate decision to prioritize operational convenience and cost savings over compliance with its obligations under 15 U.S.C. § 1681g(a)(1).

71.     This conduct constitutes a willful violation within the meaning of 15 U.S.C. § 1681n(a) because Equifax adopted and maintained objectively unreasonable procedures in reckless disregard of its legal obligations. As a result, Plaintiff is entitled to recover statutory and punitive damages, in addition to actual damages, as provided by law.

## COUNT I

### Violation of 15 U.S.C. § 1681g(a)(1)

**(Failure to Clearly and Accurately Disclose All Information in Plaintiff's File)**

72.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

73.     Pursuant to 15 U.S.C. § 1681g(a)(1), Defendant was required, upon request, to clearly and accurately disclose to Plaintiff all information in her consumer file at the time of the request.

74.     Defendant violated this requirement by providing Plaintiff with a disclosure that was incomplete, unclear, and misleading.

75.     Specifically, Defendant disclosed only truncated account identifiers for the CNAC IN 101 account, partial account number 9589, the GLA Collection Company account, partial account number 3890, the Ability Recovery Services LLC account, partial account

number 43N1, and The CBE Group, Inc. account, partial account number 2798, while withholding the remaining identifying digits.

76.     Defendant further failed to disclose material account level information for these accounts, including but not limited to the amount past due, activity designator, last payment date, date of first delinquency, and the date the delinquency was first reported.

77.     These omissions prevented Plaintiff from identifying the accounts, matching them to her personal records, determining whether the accounts belonged to her, and verifying whether the reported information was accurate or associated with any underlying account history with the original creditor.

78.     As a result, the disclosure did not allow Plaintiff to understand the contents of her file or determine whether the reported information was complete or accurate.

79.     Defendant's conduct violated Plaintiff's right to a clear and accurate disclosure and deprived her of the ability to meaningfully review, assess, and dispute the information contained in her consumer file.

80.     As a direct and proximate result of Defendant's violations, Plaintiff suffered actual damages, including time spent attempting to interpret the disclosure, confusion regarding the identity and status of the accounts, frustration arising from her inability to verify the information, and informational harm.

81.     Defendant's violations were willful and or negligent, entitling Plaintiff to recover actual damages, statutory damages, punitive damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **DEMAND FOR TRIAL**

Plaintiff  Antoinette Clarke demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Antoinette Clarke respectfully requests that the Court enter judgment in her favor and against Defendant Equifax Information Services LLC, and award the following relief:

A. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

B. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), including on a per-violation basis to the extent permitted by law;

C. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

D. Costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

E. Pre-judgment and post-judgment interest as permitted by law; and

F. Such other and further relief as the Court deems just and proper.

Respectfully submitted,
/s/ Joshua Evans
Joshua Evans, Esq. (Bar No. 98007)
Attorney for Antoinette Clarke
791 E. McMillan Street, Suite 235
Cincinnati, Ohio 45206
Email: AttorneyjoshE@gmail.com
Phone: (513) -405-4562

**ATTACHMENTS / EXHIBITS**

Page 13 of 14

Exhibit A – True and correct copy of Plaintiff's consumer file disclosure, dated July 21, 2025, bearing confirmation number 5202524330, which reflects the truncated, omitted, incomplete, and unclear information described in this Complaint.

## CERTIFICATE OF SERVICE

I hereby certify that on the date of filing, a true and correct copy of the foregoing First Amended Complaint, together with all exhibits attached thereto, was served on all entitled parties by the Clerk of Court using the CM/ECF system, which will automatically serve notice of this filing upon all counsel of record, or by certified mail in accordance with the Federal Rules of Civil Procedure.

Dated: April 28, 2026

Respectfully submitted,
/s/ Joshua Evans
Joshua Evans, Esq. (Bar No. 98007)
Attorney for Plaintiff Antoinette Clarke
791 E. McMillan Street, Suite 235
Cincinnati, Ohio 45206
Email: AttorneyjoshE@gmail.com
Phone: (513) -405-4562

# EXHIBIT A



Credit Report

Date: July 21, 2025
Confirmation # 5202524330

Prepared for:

## ANTOINETTE C CLARKE

## *DID YOU KNOW?*

*If you find something in your report that looks like a mistake, contact us at **equifax.com/personal/disputes** or call 888-EQUIFAX (888-378-4329) to start a new dispute or check the status of your dispute.*

*There are many types of consumer reporting agencies, including credit bureaus and specialty agencies. A list can be found by accessing the CFPB's website at: **consumerfinance.gov/consumer-tools/credit-reports-and-scores/consumer-reporting-companies/companies-list***
*Looking for telecommunications, pay TV, and utility data? That information is maintained by a different company, the National Consumer Telecom and Utilities Exchange (NCTUE), and can be accessed at: **nctue.com/consumer***

Prepared for:

**ANTOINETTE C CLARKE**

**EQUIFAX**®

Date: July 21, 2025
Confirmation # 5202524330

# An Overview of Your Credit Report

Your credit report provides different types of information, including:

**Personal Information**
This section includes your name (including any former names), current and previous addresses and phone numbers, employment data, Social Security number, and birthdate. Personal information is provided by you or your lenders and creditors. While this information is not used to calculate credit scores it is important to check for typos and any unfamiliar information.

**Consumer File Notices**
Notices on your credit report can include fraud and active duty alerts, security freezes or locks, and opt-outs of receiving prescreened offers of credit or insurance. You can also choose to add a consumer statement to your credit report to provide an explanation for why you missed a payment or why you believe something is being reported incorrectly. For more information on these consumer added notices **visit equifax.com/personal/help/.**

**Account Information**
Your credit report can include all types of credit accounts, such as revolving accounts, mortgage accounts, and any other installment loans or open lines of credit. When reviewing your account information, make sure accounts listed belong to you and look for the following:

- **Account Status:** See if an account is open, closed, paid on time, or past due. Closed accounts should have no money owed.
- **Payment History:** Check if you made payments on time for each account. Paying on time helps your credit, while late or missed payments hurt it. Payment history is provided, where available, for each account. To view up to 24 months of your historical payment and balance data, log in to your 'myEquifax' account at www.myequifax.com.
- **Credit Limits and Balances:** Look at the credit limits on credit cards and compare them to what you owe. It's better to keep the balance low compared to the limit. This helps improve your credit.
- **Account Types:** Notice the different kinds of credit accounts you have (like credit cards, loans, mortgages). Having a mix of account types is good for your credit.

**Negative Information (Collections and Bankruptcy Public Records)**
Be aware of any negative details such as late payments, debts that were given up on, or money owed to collections. Bankruptcies may also be shown on your credit report. These negative items can hurt your credit score. If there's something there, make sure it's correct and up to date.

**Inquiries**
This section shows who accessed your credit report and when. Too many hard inquiries can negatively impact your credit score and any unfamiliar inquiries may be a sign of identity theft.

---

**If you find information you believe to be incorrect, you may visit us at equifax.com/personal/disputes or call us at 888-EQUIFAX (888-378-4329) to submit a dispute.** You may also mail your dispute request to: Equifax | PO Box 740241 | Atlanta, GA 30374

Note: When you provide documents to Equifax as part of your dispute, including a letter, the documents may be submitted to one or more companies whose information are the subject of your dispute.

Prepared for:

# ANTOINETTE C CLARKE

**EQUIFAX**

Date: July 21, 2025
Confirmation # 5202524330

# Your Credit Report

## Summary

A quick view of key information contained in your Equifax Credit Report.

| | |
|---|---|
| **Report Date** | July 21, 2025 |
| **Average Account Age** | 10 Years, 9 Months |
| **Length of Credit History** | 13 Years, 2 Months |
| **Oldest Account** | Security Finance \| May 2012 |
| **Most Recent Account** | CNAC IN101 \| February 2023 |

# Personal Information

Creditors use your personal information to identify you. This information has **no impact** on your credit score.

### ANTOINETTE C CLARKE

2610 W GALBRAITH RD APT 1A, CINCINNATI, OH 45239
Social Security Number: **XXX-XX-0044**
Date of Birth: **02/22/1965**

**Former Name(s):**
None

**Employment Information:**
KINGS AGENCY - Current
TOTES - Former

**Consumer File Notices:**
None

**Former Address(es):**
11662 HOLLINGSWORTH WAY, CINCINNATI, OH 45240
5720 WINTON RD APT 111, CINCINNATI, OH 45232
475 W POINT PLEASANT CIR, FAIRFIELD, OH 45014
5424 HAMILTON AVE APT 11, CINCINNATI, OH 45224
960 GALSWORTHY CT, CINCINNATI, OH 45240
5400 HAMILTON AVE APT 309, CINCINNATI, OH 45224
7803 CLOVERNOOK AVE, CINCINNATI, OH 45231
1125 S HIGH ST, COLUMBIA, TN 38401
411B CHURCH ST, COLUMBIA, TN 38401

**Former Phone Number(s):**
None

**Consumer Statement:**
No Statement on file.

Prepared for:

# ANTOINETTE C CLARKE

**EQUIFAX**

Date: July 21, 2025
Confirmation # 5202524330

# Credit Accounts

This includes all types of credit accounts, such as revolving accounts, mortgage accounts, and any other installment loans or open lines of credit.

 **CNAC IN101**

12802 Hamilton Crossing Blvd, Carmel, IN  460325424 | (888) 240-3595
Account Number: **\*9589** | Owner: **Individual Account**
Loan/Account Type: **Auto** | Status: **90 - 119 Days Past Due**

Date Reported: **06/30/2025** | Balance: **$10,516**
Credit Limit: ▪ | High Credit: **$14,164**

| | | |
|---|---|---|
| Date Opened: **02/18/2023** | Date of 1st Delinquency: **04/27/2025** | Terms Frequency: **Biweekly** |
| Date of Last Activity: ▪ | Date Major Delinquency 1st Reported: ▪ | Months Reviewed: **26** |
| Scheduled Payment Amount: **$400** | Amount Past Due: **$1,292** | Deferred Payment Start Date: ▪ |
| Actual Payment Amount: ▪ | Charge Off Amount: ▪ | Balloon Payment Amount: ▪ |
| Date of Last Payment: **03/21/2025** | Date Closed: ▪ | Balloon Payment Date: ▪ |
| Term Duration: **54 Months** | Activity Designator: ▪ | Narrative Code(s): **212, 214, 132** |

### Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | ✓ | 30 | ✓ | 30 | 60 | ▪ | ▪ | ▪ | 30 | ✓ | ✓ | ▪ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | ✓ | ✓ | ✓ |
| 2023 | ▪ | ▪ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

| | | | | |
|---|---|---|---|---|
| ✓ | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | ▪ | No Data Available |

### 24 Month History

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 05/25 | $10,516 | $400 | ▪ | 03/21/2025 | $923 | $14,164 | ▪ | 214, 132 |
| 04/25 | $10,516 | $400 | ▪ | 03/21/2025 | $553 | $14,164 | ▪ | 214, 132 |
| 03/25 | $11,038 | $400 | | 12/01/2024 | ▪ | $14,164 | ▪ | 213, 214, 132 |
| 02/25 | $11,038 | $400 | ▪ | 12/14/2024 | ▪ | $14,164 | ▪ | 022 |
| 01/25 | $11,038 | $400 | $184 | 12/14/2024 | ▪ | $14,164 | ▪ | 214, 132 |
| 12/24 | $11,132 | $400 | $553 | 11/29/2024 | ▪ | $14,164 | ▪ | 214, 132 |
| 11/24 | $11,499 | $400 | $553 | 10/30/2024 | ▪ | $14,164 | ▪ | 214, 132 |
| 10/24 | $11,669 | $400 | $184 | 09/13/2024 | ▪ | $14,164 | ▪ | 214, 132 |
| 09/24 | $11,669 | $400 | $184 | 08/02/2024 | ▪ | $14,164 | ▪ | 214, 132 |
| 08/24 | $11,675 | $400 | $184 | 07/05/2024 | ▪ | $14,164 | ▪ | 214, 132 |
| 07/24 | $11,769 | $400 | $369 | 06/21/2024 | ▪ | $14,164 | ▪ | 214, 132 |
| 06/24 | $11,956 | $400 | $369 | 05/24/2024 | ▪ | $14,164 | ▪ | 214, 132 |
| 05/24 | $12,139 | $400 | $369 | 04/26/2024 | ▪ | $14,164 | ▪ | 214, 132 |
| 03/24 | $12,653 | $400 | $184 | 02/26/2024 | ▪ | $14,164 | ▪ | 214, 132 |
| 02/24 | $12,653 | $400 | $369 | 01/30/2024 | ▪ | $14,164 | ▪ | 214, 132 |
| 01/24 | $12,751 | $400 | $369 | 12/22/2023 | ▪ | $14,164 | ▪ | 214, 132 |
| 12/23 | $12,923 | $400 | $553 | 11/24/2023 | ▪ | $14,164 | ▪ | 214, 132 |
| 11/23 | $13,152 | $398 | $239 | 10/10/2023 | ▪ | $14,164 | ▪ | 214, 132 |
| 10/23 | $13,211 | $398 | $314 | 09/15/2023 | ▪ | $14,164 | ▪ | 214, 132 |
| 09/23 | $13,342 | $398 | $353 | 08/21/2023 | ▪ | $14,164 | ▪ | 214, 132 |
| 08/23 | $13,468 | $398 | $384 | 07/01/2023 | ▪ | $14,164 | ▪ | 214, 132 |
| 07/23 | $13,593 | $398 | $369 | 06/16/2023 | ▪ | $14,164 | ▪ | 214, 132 |

| Narrative Code | Narrative Code Description |
|---|---|
| 212 | Voluntary Surrender; There may be a Balance due |
| 214 | Auto |
| 132 | Fixed Rate |
| 213 | Involuntary Repossession |
| 022 | Consumer Disputes - Reinvestigation in Process |

Prepared for:

# ANTOINETTE C CLARKE

**EQUIFAX**®

Date: July 21, 2025
Confirmation # 5202524330



## Security Finance - Closed

PO BOX 3146, CUST RELATIONS & CONS DISP, SPARTANBURG, SC  293043146 | (580) Date Reported: **01/01/2018** | Balance: **$0**
924-3557

Account Number: **\*9364** | Owner: **Individual Account**          Credit Limit: ▪ | High Credit: **$427**
Loan/Account Type: **Unsecured** | Status: **Pays As Agreed**

| | | |
|---|---|---|
| Date Opened: **08/10/2012** | Date of 1st Delinquency: ▪ | Terms Frequency: **Monthly** |
| Date of Last Activity: **10/01/2012** | Date Major Delinquency 1st Reported: ▪ | Months Reviewed: **65** |
| Scheduled Payment Amount: ▪ | Amount Past Due: ▪ | Deferred Payment Start Date: ▪ |
| Actual Payment Amount: **$75** | Charge Off Amount: ▪ | Balloon Payment Amount: ▪ |
| Date of Last Payment: **10/01/2012** | Date Closed: **10/01/2012** | Balloon Payment Date: ▪ |
| Term Duration: **7 Months** | Activity Designator: **Paid and Closed** | Narrative Code(s): **158** |

| Narrative Code | Narrative Code Description |
|---|---|
| **158** | Closed or Paid Account/Zero Balance |



## Security Finance - Closed

PO BOX 3146, CUST RELATIONS & CONS DISP, SPARTANBURG, SC  293043146 | (580) Date Reported: **01/01/2018** | Balance: **$0**
924-3557

Account Number: **\*8786** | Owner: **Individual Account**          Credit Limit: ▪ | High Credit: **$336**
Loan/Account Type: **Unsecured** | Status: **Pays As Agreed**

| | | |
|---|---|---|
| Date Opened: **05/30/2012** | Date of 1st Delinquency: ▪ | Terms Frequency: **Monthly** |
| Date of Last Activity: **08/01/2012** | Date Major Delinquency 1st Reported: ▪ | Months Reviewed: **68** |
| Scheduled Payment Amount: ▪ | Amount Past Due: ▪ | Deferred Payment Start Date: ▪ |
| Actual Payment Amount: **$85** | Charge Off Amount: ▪ | Balloon Payment Amount: ▪ |
| Date of Last Payment: **08/01/2012** | Date Closed: **08/01/2012** | Balloon Payment Date: ▪ |
| Term Duration: **6 Months** | Activity Designator: **Paid and Closed** | Narrative Code(s): **158** |

| Narrative Code | Narrative Code Description |
|---|---|
| **158** | Closed or Paid Account/Zero Balance |



## Security Finance - Closed

PO BOX 3146, CUST RELATIONS & CONS DISP, SPARTANBURG, SC  293043146 | (580) Date Reported: **01/01/2018** | Balance: **$0**
924-3557

Account Number: **\*0580** | Owner: **Individual Account**          Credit Limit: ▪ | High Credit: **$750**
Loan/Account Type: **Unsecured** | Status: **Pays As Agreed**

| | | |
|---|---|---|
| Date Opened: **01/31/2013** | Date of 1st Delinquency: ▪ | Terms Frequency: **Monthly** |
| Date of Last Activity: **04/01/2013** | Date Major Delinquency 1st Reported: ▪ | Months Reviewed: **60** |
| Scheduled Payment Amount: ▪ | Amount Past Due: ▪ | Deferred Payment Start Date: ▪ |
| Actual Payment Amount: ▪ | Charge Off Amount: ▪ | Balloon Payment Amount: ▪ |
| Date of Last Payment: **04/01/2013** | Date Closed: **05/01/2013** | Balloon Payment Date: ▪ |
| Term Duration: ▪ | Activity Designator: **Paid and Closed** | Narrative Code(s): **158** |

| Narrative Code | Narrative Code Description |
|---|---|
| **158** | Closed or Paid Account/Zero Balance |



Prepared for:

# ANTOINETTE C CLARKE

**EQUIFAX** ®

Date: July 21, 2025
Confirmation # 5202524330

## Security Finance - Closed

PO BOX 3146, CUST RELATIONS & CONS DISP, SPARTANBURG, SC  293043146 | (580)924-3557 | Date Reported: **01/01/2018** | Balance: **$0**

Account Number: **\*9878** | Owner: **Individual Account**

Credit Limit: ▪ | High Credit: **$630**

Loan/Account Type: **Unsecured** | Status: **Pays As Agreed**

| | | |
|---|---|---|
| Date Opened: **10/26/2012** | Date of 1st Delinquency: ▪ | Terms Frequency: **Monthly** |
| Date of Last Activity: **01/01/2013** | Date Major Delinquency 1st Reported: ▪ | Months Reviewed: **63** |
| Scheduled Payment Amount: ▪ | Amount Past Due: ▪ | Deferred Payment Start Date: ▪ |
| Actual Payment Amount: **$105** | Charge Off Amount: ▪ | Balloon Payment Amount: ▪ |
| Date of Last Payment: **01/01/2013** | Date Closed: **01/01/2013** | Balloon Payment Date: ▪ |
| Term Duration: **9 Months** | Activity Designator: **Paid and Closed** | Narrative Code(s): **158** |

| Narrative Code | Narrative Code Description |
|---|---|
| **158** | Closed or Paid Account/Zero Balance |

Prepared for:

**ANTOINETTE C CLARKE**

**EQUIFAX**®

Date: July 21, 2025
Confirmation # 5202524330

# Collections

If you fall behind on payments, the lender or creditor may transfer your account to a collection agency or sell it to a debt buyer. This generally occurs a few months after you become delinquent, or the date you begin missing payments or not paying the full minimum payment.

A collection account may be reported to one, two, or all three of the nationwide credit reporting agencies (Equifax, Experian and TransUnion) and reflected on your credit reports. It can also have a negative impact on credit scores, depending on the credit scoring model (different ways credit scores are calculated).

Like other negative information, a collection account can remain on your credit reports for up to seven years from the date you first miss a payment to the original lender or creditor.

---

### GLA COLLECTION COMPANY, IN

2630 Gleeson Ln PO Box 991199, Louisville, KY 402691199 | (502) 267-7522
Account Number: **\*3890** | Owner: **Individual Account**

| | | |
|---|---|---|
| Collection Reported: **07/15/2025** | Amount: **$780** | Original Creditor: **ANESTHESIA GROUP PRACTICE MHW** |
| Assigned: **06/16/2020** | Balance as of 07/15/2025: **$780** | Creditor Classification: **Medical/Health Care** |
| Date of 1st Delinquency: **12/31/2019** | Last Payment Date: **None** | Status as of 07/15/2025: **Unpaid** |

Additional Information: **Consumer Disputes This Account Information**

---

### ONLINE COLLECTIONS GRVL

PO Box 1489, Winterville, NC 285901489 | (800) 765-5794
Account Number: **\*6948** | Owner: **Individual Account**

| | | |
|---|---|---|
| Collection Reported: **07/07/2025** | Amount: **$232** | Original Creditor: **DUKE ENERGY MW** |
| Assigned: **11/15/2024** | Balance as of 07/07/2025: **$232** | Creditor Classification: **Utilities** |
| Date of 1st Delinquency: **09/20/2023** | Last Payment Date: **None** | Status as of 07/07/2025: **Unpaid** |

Additional Information: **None**

---

### THE CBE GROUP INC

131 Tower Park Dr Ste 100, Waterloo, IA 507040900 | (800) 925-6686
Account Number: **\*2798** | Owner: **Individual Account**

| | | |
|---|---|---|
| Collection Reported: **03/07/2025** | Amount: **$136** | Original Creditor: **CHARTER COMMUNICATIONS** |
| Assigned: **11/08/2024** | Balance as of 03/07/2025: **$136** | Creditor Classification: **Utilities** |
| Date of 1st Delinquency: **03/20/2023** | Last Payment Date: **None** | Status as of 03/07/2025: **Unpaid** |

Additional Information: **None**

Prepared for:

# ANTOINETTE C CLARKE

**EQUIFAX**®

Date: July 21, 2025
Confirmation # 5202524330

## Inquiries

A request for your credit history is called an inquiry. There are two types of inquiries - those that may impact your credit rating/score and those that do not.  They may remain on your file for up to 2 years.

- **Hard Inquiries that can impact your credit rating/score.** When a lender requests to review your credit reports after you've applied for credit, it results in a hard inquiry which may impact your credit score.
- **Soft Inquiries that do not impact your credit rating/score.** These are inquiries, for example, from companies making promotional offers of credit, periodic account reviews by an existing creditor, or your own requests to check your credit file.

| Company Information | Inquiry Type | Inquiry Date(s) |
|---|---|---|
| **CAPITAL ONE AUTO FINANCE**<br>*3901 Dallas Pkwy Plano TX 750937864*<br>*Phone: (800) 477-6000* | Soft | 08/27/2024 |
| **EQUIFAX INFO SVCS.**<br>*PO Box 740241 Atlanta GA 303740241*<br>*Phone: (800) 685-1111* | Soft | 03/07/2025 |
| **EQUIFAX - TALX**<br>*11432 LACKLAND RD SAINT LOUIS MO 631463516*<br>*Phone: (888) 378-4329* | Soft | 07/21/2025 |
| **EQUIFAX INC (0100)**<br>*1550 PEACHTREE ST NW ATLANTA GA 303092468*<br>*Phone: (404) 885-8000* | Soft | 07/21/2025, 01/31/2025 |
| **EQUIFAX**<br>*PO BOX 740250 ATLANTA GA 30374-0250*<br>*Phone: (678) 795-7622* | Soft | 07/21/2025, 01/31/2025 |
| **ARRAY US INC**<br>*32 AVENUE OF THE AMERICAS FL 13C NEW YORK NY 10013-2473*<br>*Phone: (215) 405-6000* | Soft | 03/10/2025 |
| **CNAC IN101**<br>*12802 HAMILTON CROSSING BLVD CARMEL IN 46032-5424*<br>*Phone: (317) 249-3016* | Soft | 05/06/2025, 01/28/2025, 10/14/2024, 09/11/2024 |
| **MDG USA INC.**<br>*422 THORNTON RD STE 106 LITHIA SPRINGS GA 30122-1581*<br>*Phone: (905) 829-3538* | Soft | 06/24/2025, 07/23/2024 |
| **EQUIFAX INFO SVCS.**<br>*PO Box 740241 Atlanta GA 303740241*<br>*Phone: (800) 685-1111* | Soft | 03/07/2025, 02/11/2025 |
| **USBANK N.A.**<br>*2 MERIDIAN XING RICHFIELD MN 55423-3963*<br>*Phone: (111) 111-1111* | Soft | 06/03/2025 |

Prepared for:
**ANTOINETTE C CLARKE**

**EQUIFAX**®

Date: July 21, 2025
Confirmation # 5202524330

## Inquiries

A request for your credit history is called an inquiry. There are two types of inquiries - those that may impact your credit rating/score and those that do not.

| Company Information | Inquiry Type | Inquiry Date(s) |
|---|---|---|
| **EQUIFAX - DIT** <br> *11432 LACKLAND RD SAINT LOUIS MO 63146* <br> *Phone:* | Soft | 07/21/2025, 05/15/2025 |
| **STATE FARM MUTUAL AUTOMOBILE** <br> *1 STATE FARM PLZ BLOOMINGTON IL 61710-0001* <br> *Phone: (309) 766-2311* | Soft | 02/19/2025 |
| **PROGRESSIVE INSURANCE** <br> *300 N Commons Blvd Datalab Mayfield Village OH 441431589* <br> *Phone: (800) 288-6776* | Soft | 04/22/2025, 03/18/2025, 02/18/2025, 12/24/2024 |
| **CINCINATTI BELL TELEPHONE** <br> *221 E 4TH ST CINCINNATI OH 45202-4124* <br> *Phone: (888) 246-2355* | Soft | 09/20/2023 |

Prepared for:
**ANTOINETTE C CLARKE**

**EQUIFAX**®

Date: July 21, 2025
Confirmation # 5202524330

*Para información en español, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street NW, Washington, DC 20552.*

### A Summary of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under FCRA. **For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street NW, Washington, DC 20552.**

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment – or to take another adverse action against you – must tell you, and must give you the name, address, and phone number of the agency that provided the information.

- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:

  - a person has taken adverse action against you because of information in your credit report;
  - you are the victim of identity theft and place a fraud alert in your file;
  - your file contains inaccurate information as a result of fraud;
  - you are on public assistance;
  - you are unemployed but expect to apply for employment within 60 days.

  In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your creditworthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete, or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

Prepared for:

**ANTOINETTE C CLARKE**

EQUIFAX®

Date: July 21, 2025
Confirmation # 5202524330

- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need – usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt out with the nationwide credit bureaus at 1-888-5-OPTOUT (1-888-567-8688).

- The following FCRA right applies with respect to nationwide consumer reporting agencies:

**CONSUMERS HAVE THE RIGHT TO OBTAIN A SECURITY FREEZE**

**You have a right to place a "security freeze" on your credit report, which will prohibit a consumer reporting agency from releasing information in your credit report without your express authorization.** The security freeze is designed to prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that using a security freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or any other account involving the extension of credit.

As an alternative to a security freeze, you have the right to place an initial or extended fraud alert on your credit file at no cost. An initial fraud alert is a 1-year alert that is placed on a consumer's credit file. Upon seeing a fraud alert display on a consumer's credit file, a business is required to take steps to verify the consumer's identity before extending new credit. If you are a victim of identity theft, you are entitled to an extended fraud alert, which is a fraud alert lasting 7 years.

A security freeze does not apply to a person or entity, or its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account that requests information in your credit report for the purposes of reviewing or collecting the account. Reviewing the account includes activities related to account maintenance, monitoring, credit line increases, and account  upgrades and enhancements.

- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

- **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.consumerfinance.gov/learnmore.

Prepared for:

# ANTOINETTE C CLARKE

**EQUIFAX**®

Date: July 21, 2025
Confirmation # 5202524330

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For information about your federal rights, contact:**

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| 1.a.  Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates.<br><br>b.  Such affiliates that are not banks, savings associations, or credit unions also should list, in addition to the CFPB: | a.  Consumer Financial Protection Bureau<br>1700 G Street, NW<br>Washington, DC 20552<br><br>b.  Federal Trade Commission<br>Consumer Response Center<br>600 Pennsylvania Avenue, NW<br>Washington, DC 20580<br>(877) 382-4357 |
| 2.  To the extent not included in item 1 above:<br><br>a.  National banks, federal savings associations, and  federal branches and federal agencies of foreign banks<br><br>b.  State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and Insured State Branches of Foreign Banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act.<br><br>c.  Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations<br><br>d.  Federal Credit Unions | a.  Office of the Comptroller of the Currency<br>Customer Assistance Group<br>P.O. Box 53570<br>Houston, TX 77052<br><br>b.  Federal Reserve Consumer Help Center<br>P.O. Box 1200<br>Minneapolis, MN 55480<br><br>c.  Division of Depositor and Consumer Protection<br>National Center for Consumer and Depositor Assistance<br>Federal Deposit Insurance Corporation<br>1100 Walnut Street, Box #11<br>Kansas City, MO 64106<br><br>d.  National Credit Union Administration<br>Office of Consumer Financial Protection<br>1775 Duke Street<br>Alexandria, VA 22314 |
| 3.  Air carriers | Assistant General Counsel for Office of Aviation Consumer Protection<br>Department of Transportation<br>1200 New Jersey Avenue SE<br>Washington, DC 20590 |
| 4.  Creditors Subject to the Surface Transportation Board | Office of Public Assistance, Governmental Affairs, and Compliance<br>Surface Transportation Board<br>395 E Street SW<br>Washington, DC 20423 |
| 5.  Creditors Subject to the Packers and Stockyards Act, 1921 | Nearest Packers and Stockyards Division Regional Office |
| 6.  Small Business Investment Companies | Associate Administrator, Office of Capital Access<br>United States Small Business Association<br>409 Third Street SW, Suite 8200<br>Washington, DC 20416 |
| 7.  Brokers and Dealers | Securities and Exchange Commission<br>100 F Street NE<br>Washington, DC 20549 |
| 8.  Institutions that are members of the Farm Credit System | Farm Credit Administration<br>1501 Farm Credit Drive<br>McLean, VA 22102-5090 |
| 9.  Retailers, Finance Companies, and All Other Creditors Not Listed Above | Federal Trade Commission<br>Consumer Response Center<br>600 Pennsylvania Avenue, NW<br>Washington, DC 20580<br>(877) 382-4357 |

**U.S. DISTRICT COURT**

**SOUTHERN DISTRICT OF OHIO (CINCINNATI)**

ANTOINETTE CLARKE

       *Plaintiff,*                           Case No. 1:25-cv-00807-MRB

                                            **JURY TRIAL DEMANDED**

Vs.

                                            Judge Michael R. Barrett

EQUIFAX  INFORMATION SERVICES LLC

       *Defendant.,*

**<u>PROPOSED ORDER</u>**

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

Upon review of the Motion and the record, and for good cause shown, the Court finds that leave to amend should be freely given when justice so requires. The Court further finds that there has been no undue delay, bad faith, or dilatory motive, and that Defendant will not suffer undue prejudice.

The Court also notes that Exhibit A to Plaintiff's prior Motion for Leave (Docket No. 8) contained an inadvertent clerical error, including the omission of a Prayer for Relief and

Page 1 of 2

the attachment of an unrelated filing. Those errors have now been corrected in the proposed First Amended Complaint submitted with the present Motion.

Accordingly, Plaintiff's Motion is GRANTED.

### **IT IS HEREBY ORDERED THAT:**

1.  Plaintiff's Motion for Leave to File First Amended Complaint is GRANTED.

2.  The Clerk shall docket Plaintiff's First Amended Complaint, attached as Exhibit A to the Motion, as the operative pleading in this action.

3.  Defendant shall respond to the First Amended Complaint within the time permitted by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

Date: _____