**U.S. DISTRICT COURT**

**SOUTHERN DISTRICT OF OHIO (CINCINNATI)**

ANTOINETTE CLARKE

      *Plaintiff,*                             Case No. 1:25-cv-00807-MRB

                                          **JURY TRIAL DEMANDED**

Vs.

                                          Judge Michael R. Barrett

EQUIFAX  INFORMATION SERVICES LLC

      *Defendant*.,

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff, Antoinette Clarke, by and through counsel Joshua Evans, Esq., and for his Complaint against Defendant Equifax Information Services LLC states as follows:

**PRELIMINARY STATEMENT**

1.     This is a civil action for damages not to exceed, exclusive of costs, interest, and attorney's fees, brought by Plaintiff Antoinette Clarke, through undersigned counsel, against Defendant Equifax Information Services LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

2. This case arises from Defendant's failure to clearly and accurately disclose all information contained in Plaintiff's consumer file, its failure to follow reasonable procedures to assure maximum possible accuracy, and its failure to conduct a reasonable reinvestigation.

## JURISDICTION AND VENUE

3. Jurisdiction arises under 15 U.S.C. § 1681p

4. Defendant is subject to the provisions of the Fair Credit Reporting Act.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District and a substantial part of the events giving rise to the claims occurred here.

## PARTIES

6. Plaintiff is a natural person residing in Hamilton County, Ohio.

7. Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c).

8. Defendant is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

9. At all relevant times, any reference to "Defendant" includes its agents, employees, representatives, subsidiaries, affiliates, and all persons acting on its behalf.

## FACTS

10. On or about July 21, 2025, Ms. Clarke requested a copy of her consumer credit disclosure from Equifax through the centralized source, AnnualCreditReport.com.

11. On that same date, Defendant provided Plaintiff with a PDF copy of Plaintiff's consumer file disclosure, bearing confirmation number 5202524330.

12. The disclosure was not clear, complete, or accurate, and omitted material information necessary for Plaintiff to understand and verify the information disclosed.

13. As a result, Equifax failed to clearly and accurately disclose all information in Plaintiff's file, in violation of 15 U.S.C. § 1681g(a)(1).

## ACCOUNTS AT ISSUE

14. Any reference to accounts or account items at issue refer to the following accounts which were included in the disclosure dated July 21, 2025 see Exhibit A.

- CNAC IN 101, partial account number 9589.
- GLA Collection Company, partial account number 3890.
- Ability Recovery Services LLC partial account number 43N1.
- The CBE Group Inc., partial account number 2798.

15. Specifically, with respect to the accounts at issue identified above, Defendant failed to clearly and accurately disclose the full account numbers and account identifiers associated with those accounts. Instead, Defendant disclosed only partial account numbers and identifiers, limited to four characters for each account (e.g.,9589"*"), while withholding, truncating, or omitting the remaining digits and characters.

16. Defendant further displayed asterisk marks in place of the undisclosed portions, indicating that additional information existed but was not provided.

17. Upon information and belief, Defendant maintained additional digits and full account identifiers for these accounts but did not disclose them.

18. Upon information and belief, in disclosures and reports issued in or around the 1990s, Defendant provided consumers with more than four digits of account numbers and account identifiers in response to requests for consumer file disclosures and consumer reports.

19.     Upon information and belief Defendant was capable of providing more complete account identifiers at the time of Plaintiff's request but chose not to do so.

20.     This capability is further demonstrated by the fact that other consumer reporting agencies, including TransUnion and Experian, provide more than four digits of account numbers and account identifiers when consumers request disclosures through the same centralized source, AnnualCreditReport.com.

21.     Defendant further failed to clearly and accurately disclose the amount past due, activity designator, and date the delinquency was first reported for the CNAC IN 101 account, partial account number 9589.

22.     Defendant further failed to clearly and accurately disclose the last payment date and the date of first delinquency for the Ability Recovery Services LLC account, partial account number 43N1.

23.     Defendant further failed to clearly and accurately disclose the last payment date and the date of first delinquency for the GLA Collection Company account, partial account number 3890.

24.     Defendant further failed to clearly and accurately disclose the last payment date and the date of first delinquency for The CBE Group, Inc. account, partial account number 2798.

25.     Upon information and belief, Defendant possessed and maintained the capability to disclose additional account identifiers and account-level information for the accounts at issue.

26.     This capability existed through Defendant's systems, data repositories, and furnishing relationships, including agreements governing the transmission of account-level data such as Metro 2 fields, related data pipelines, and contractual obligations.

27. Upon information and belief, Defendant also maintained this capability through its subsidiaries and affiliated entities.

28. Despite this capability, Defendant failed to disclose full account identifiers, including full account numbers or more than four digits.

29. Defendant further failed to disclose material account level information, including but not limited to the amount past due, activity designator, date the delinquency was first reported, and last payment date.

30. This capability is demonstrated by Defendant's own prior consumer disclosures and consumer reports furnished to consumers and to third parties, in which such information was included in the past and remains included for other accounts.

31. Despite this capability, Defendant failed to include this information in Plaintiff's consumer file disclosure for the accounts at issue, including the CNAC IN 101, partial account number 9589, GLA Collection Company, partial account number 3890, Ability Recovery Services LLC partial account number 43N1, The CBE Group Inc., partial account number 2798 at the time of Plaintiff's request.

32. Upon information and belief, Defendant includes more complete account identifiers and account level information, including more than four digits of account numbers, when it prepares and furnishes consumer reports about Plaintiff to third parties.

33. Upon information and belief, the furnishers of the accounts at issue provided Defendant with full and complete account numbers, or more than four digits thereof, as well as additional account-level information, including but not limited to the to the amount past due, activity designator, date the delinquency was first reported, and last payment date.

34.     Upon further information and belief, Defendant maintained this information within its systems or within its reach, regardless of where the information was stored, at the time of Plaintiff's request for a consumer file disclosure.

35.     Despite possessing this information, or having the capability to disclose it, Defendant, through its practices, systems, and procedures, withheld, truncated, suppressed, or omitted such information from Plaintiff's disclosure, even though Plaintiff did not request any truncation or omission.

36.     Such procedures were necessary to ensure that Defendant could clearly and accurately disclose all information in a consumer's file upon request and to ensure that the information contained in the consumer reports it prepares and maintains regarding Plaintiff was accurate, complete, and not misleading.

37.     Defendant's failure to require and obtain complete information from furnishers placed it in a position where it could not provide a clear and accurate disclosure to Plaintiff.

38.     The information Plaintiff alleges was incomplete, truncated, omitted, or not clearly and accurately disclosed is not merely internal or technical data.

39.     Rather, it consists of material account level information necessary for consumers to identify the accounts reported, match those accounts to their own records, detect inaccuracies, and meaningfully verify the completeness and accuracy of the information in their files.

40.     Without this information, consumers such as Plaintiff are presented with a distorted, incomplete, and unusable picture of their consumer file.

41.     This impaired Plaintiff's ability to utilize the dispute and reinvestigation procedures set forth under 15 U.S.C. § 1681i and undermined the core purpose of 15

U.S.C. § 1681g(a)(1), which is to ensure that Plaintiff could review and correct her information before it was disseminated to third parties.

42. As a result, Defendant's failure to provide this information violated Plaintiff's right to a clear and accurate disclosure and deprived Plaintiff of the ability to meaningfully review and verify the contents of her consumer file.

## STATUTORY FRAMEWORK

43. The Fair Credit Reporting Act requires that a consumer reporting agency, upon request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(1).

44. The requirement to disclose all information in a consumer's file is not limited by the manner or location in which the information is stored.

45. A consumer reporting agency must disclose all information it maintains or has access to, even if such information is kept in separate systems or databases, because restricting disclosure based on storage location would defeat the purpose of the Fair Credit Reporting Act.

46. The statute imposes two independent requirements: that disclosures be made clearly and that they be made accurately, so that consumers may fully understand the contents of their files.

47. These requirements allow consumers to compare the disclosed information with their own records, identify inaccuracies, and correct them before the information is disclosed to third parties.

48. This obligation exists regardless of whether the information affects a consumer's creditworthiness, as 15 U.S.C. § 1681g(a)(1) requires disclosure of all information in the consumer's file, not merely information deemed relevant to credit decisions.

49.    A disclosure that is unclear, incomplete, or misleading, even if partially accurate, fails to satisfy these requirements and violates the Fair Credit Reporting Act.

50.    Webster's Third New International Dictionary (3d ed. 1986) defines "clearly" as in a clear manner, without doubt or confusion, and "accurately" as in an accurate manner.

51.    Defendant's disclosure omitted data fields, left fields blank without explanation, and failed to provide sufficient information for Plaintiff to understand or interpret his consumer file.

52.    To satisfy its obligation to provide a clear disclosure, Defendant was required to present the information in a manner that allows Plaintiff to understand the contents of his file, including what information is being reported and whether any information is missing or has been omitted.

53.    Defendant failed to provide sufficient context or explanation to enable Plaintiff to understand the disclosed information or recognize that material data fields were omitted.

## ACTUAL DAMAGES

54.    As a direct and proximate result of Defendant's failure to provide a clear and accurate consumer file disclosure, Plaintiff expended time reviewing the disclosure and attempting to identify the accounts reported using only truncated account identifiers and incomplete data.

55.    Because Defendant omitted full account numbers and material account level information, Plaintiff was unable to match the CNAC IN 101 account, partial account number 9589, the GLA Collection Company account, partial account number 3890, the Ability Recovery Services LLC account, partial account number 43N1, and The CBE Group, Inc. account, partial account number 2798, to her personal records, determine whether the accounts were accurate or belonged to her, or verify whether the collection accounts were associated with any underlying account history with the original creditor.

56.     Plaintiff undertook multiple reviews of the disclosure and attempted to reconcile the limited information provided with her personal records, in an effort to identify and assess the accounts being reported.

57.     These efforts were unsuccessful due to Defendant's omission of key identifying details and material account level information, which deprived Plaintiff of the ability to meaningfully understand the contents of her file and to verify the accuracy of the reported information.

58.     Had Defendant provided a clear and accurate disclosure, including full account identifiers and complete account level information, Plaintiff would have been able to match the accounts to her records, determine whether the accounts belonged to her, and assess whether the reported information was accurate or subject to dispute.

59.     As a direct result of Defendant's conduct, Plaintiff experienced confusion regarding the identity and status of the accounts, frustration arising from her inability to verify or properly dispute the information, and anger stemming from Defendant's failure to provide the information required under the Fair Credit Reporting Act.

## **WILLFULNESS**

60.     Plaintiff alleges that Equifax's conduct described herein was willful within the meaning of 15 U.S.C. § 1681n. Equifax knew or should have known that 15 U.S.C. § 1681g(a)(1) requires a consumer reporting agency to clearly and accurately disclose all information in a consumer's file upon request.

61.     Despite this obligation, Equifax maintained and implemented policies and procedures governing consumer file disclosures that resulted in the omission, truncation, and suppression of material account level information from Plaintiff's disclosure, in disregard of the statute and long-standing regulatory and judicial interpretations of § 1681g.

62.    The statutory text of 15 U.S.C. § 1681g(a)(1) expressly requires a consumer reporting agency to disclose all information in the consumer's file at the time of the request, and the definition of "file" in 15 U.S.C. § 1681a(g) extends to all information recorded and retained by the agency regardless of where or how it is stored.

63.    Equifax has also been repeatedly sued in federal and state courts for similar conduct, including providing incomplete consumer file disclosures, truncating or masking account numbers, and omitting material account level information such as payment histories.

64.    Equifax's practices regarding file disclosures and reinvestigations reflect a systemic disregard for its statutory duties under the FCRA. Equifax's continued use of the same procedures despite this litigation history establishes that it acted knowingly or recklessly rather than negligently.

65.    Despite clear statutory mandates, regulatory warnings, and numerous lawsuits challenging these same practices, Equifax continues to operate internal systems that truncate, suppress, and withhold identifying and historical account information in the version of a file made available to consumers.

66.    Upon information and belief these systems are designed to simplify Equifax's consumer disclosure process at the expense of accuracy and transparency, depriving consumers of the full and clear file Congress intended them to receive.

67.    Upon information and belief, Equifax's corporate management and compliance officers are aware that its file disclosure procedures systematically omit, truncate, or suppress consumer data, yet have chosen to continue using these methods.

68.    Equifax's failure to correct known procedural deficiencies, after years of litigation and regulatory scrutiny, demonstrates that its violations were not the result of inadvertence or misunderstanding, but of deliberate policy choices made in reckless disregard of consumer rights.

69.     Under Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), a violation is willful when a defendant acts knowingly or recklessly by adopting an interpretation of the law that is objectively unreasonable.

70.     Equifax's continued use of truncated disclosures, despite repeated and widespread government guidance and notice that such practices violate or risk violating the Fair Credit Reporting Act, reflects a conscious and deliberate decision to prioritize operational convenience and cost savings over compliance with its obligations under 15 U.S.C. § 1681g(a)(1).

71.     This conduct constitutes a willful violation within the meaning of 15 U.S.C. § 1681n(a) because Equifax adopted and maintained objectively unreasonable procedures in reckless disregard of its legal obligations. As a result, Plaintiff is entitled to recover statutory and punitive damages, in addition to actual damages, as provided by law.

## COUNT I

### Violation of 15 U.S.C. § 1681g(a)(1)

**(Failure to Clearly and Accurately Disclose All Information in Plaintiff's File)**

72.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

73.     Pursuant to 15 U.S.C. § 1681g(a)(1), Defendant was required, upon request, to clearly and accurately disclose to Plaintiff all information in her consumer file at the time of the request.

74.     Defendant violated this requirement by providing Plaintiff with a disclosure that was incomplete, unclear, and misleading.

75.     Specifically, Defendant disclosed only truncated account identifiers for the CNAC IN 101 account, partial account number 9589, the GLA Collection Company account, partial account number 3890, the Ability Recovery Services LLC account, partial account

number 43N1, and The CBE Group, Inc. account, partial account number 2798, while withholding the remaining identifying digits.

76.    Defendant further failed to disclose material account level information for these accounts, including but not limited to the amount past due, activity designator, last payment date, date of first delinquency, and the date the delinquency was first reported.

77.    These omissions prevented Plaintiff from identifying the accounts, matching them to her personal records, determining whether the accounts belonged to her, and verifying whether the reported information was accurate or associated with any underlying account history with the original creditor.

78.    As a result, the disclosure did not allow Plaintiff to understand the contents of her file or determine whether the reported information was complete or accurate.

79.    Defendant's conduct violated Plaintiff's right to a clear and accurate disclosure and deprived her of the ability to meaningfully review, assess, and dispute the information contained in her consumer file.

80.    As a direct and proximate result of Defendant's violations, Plaintiff suffered actual damages, including time spent attempting to interpret the disclosure, confusion regarding the identity and status of the accounts, frustration arising from her inability to verify the information, and informational harm.

81.    Defendant's violations were willful and or negligent, entitling Plaintiff to recover actual damages, statutory damages, punitive damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **DEMAND FOR TRIAL**

Plaintiff  Antoinette Clarke demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Antoinette Clarke respectfully requests that the Court enter judgment in her favor and against Defendant Equifax Information Services LLC, and award the following relief:

A. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

B. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), including on a per-violation basis to the extent permitted by law;

C. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

D. Costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

E. Pre-judgment and post-judgment interest as permitted by law; and

F. Such other and further relief as the Court deems just and proper.


Respectfully submitted,
/s/ Joshua Evans
Joshua Evans, Esq. (Bar No. 98007)
Attorney for Antoinette Clarke
791 E. McMillan Street, Suite 235
Cincinnati, Ohio 45206
Email: AttorneyjoshE@gmail.com
Phone: (513) -405-4562


## ATTACHMENTS / EXHIBITS

Exhibit A – True and correct copy of Plaintiff's consumer file disclosure, dated July 21, 2025, bearing confirmation number 5202524330, which reflects the truncated, omitted, incomplete, and unclear information described in this Complaint.

## CERTIFICATE OF SERVICE

I hereby certify that on the date of filing, a true and correct copy of the foregoing First Amended Complaint, together with all exhibits attached thereto, was served on all entitled parties by the Clerk of Court using the CM/ECF system, which will automatically serve notice of this filing upon all counsel of record, or by certified mail in accordance with the Federal Rules of Civil Procedure.

Dated: April 28, 2026

Respectfully submitted,
/s/ Joshua Evans
Joshua Evans, Esq. (Bar No. 98007)
Attorney for Plaintiff Antoinette Clarke
791 E. McMillan Street, Suite 235
Cincinnati, Ohio 45206
Email: AttorneyjoshE@gmail.com
Phone: (513) -405-4562