**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Antoinette Clark,

       Plaintiff,                               Case No.  1:25cv807

       v.                                      Judge Michael R. Barrett

Equifax Information Services, LLC,

       Defendant.

## ORDER

This matter is before the Court on Plaintiff's Response to the Order to Show Cause and Motion for Leave to File a Response Out of Time.  (Doc. 15).

As background, the Court granted Plaintiff's (second)[1] Motion for Leave to File a First Amended Complaint.[2]  (04/30/2026 NOTATION ORDER).  Defendant followed with a motion to dismiss (filed pursuant to Fed. R. Civ. P. 12(b)(6)).  (Doc. 12).  Plaintiff failed to file a response within twenty-one days, *see* S.D. Ohio Civ. R. 7.2(a)(2), prompting the Court to issue a show cause order.  (Doc. 14).

The deadline for Plaintiff to explain "why Defendant's motion should not be construed as unopposed, warranting dismissal of her First Amended Complaint" was June 17, 2026.  (*Id.*).  That deadline went unmet.  On July 8, 2026, Plaintiff finally responded.  (Doc. 15).  Her counsel claims he "did not receive service of or notice of Defendant's Motion to Dismiss and, as a result, was unaware that the motion had been

---

[1] The Court denied Plaintiff's (first) Motion for Leave, because the proposed pleading attached to Plaintiff's motion related to a different civil matter, *Sierra Leary v. Equifax Information Services LLC*, Case No. 1:26-cv-00028-SJD.

[2] Defendant filed a Notice of Non-Opposition to Plaintiff's (second) Motion for Leave.  (Doc. 10).

1

filed or that a response deadline had been triggered.  Counsel first became aware of the pending motion and the Court's Order to Show Cause on July 8, 2026, after reviewing the docket." (*Id.* PAGEID 223).  The (attached) Notice of Electronic Filing undercuts this representation.  Counsel also claims that he "had been in communication with Defendant's counsel regarding this matter before discovering the Motion to Dismiss, yet at no point during those communications was it mentioned that the Motion to Dismiss had been filed or that a response deadline had been triggered." (*Id.*).  This was not defense counsel's obligation.  What's more, it's entirely reasonable to assume that opposing counsel is aware of his own caseload due dates.

Considering that Defendant will not be prejudiced by a delayed response and noting the Court's preference to decide issues on their merits, the undersigned will **DISCHARGE** its show cause order (Doc. 14) and **GRANT** Plaintiff's motion for leave (Doc. 15).  Any memorandum in opposition to Defendant's Rule 12(b)(6) motion **must be filed no later than July 29, 2026**.  If nothing is filed by then, the Court will interpret such inaction as a concession by Plaintiff that her First Amended Complaint fails to state a claim on which relief can be granted.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

2